IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |  | |
|---|---|---|---|
| JASON EUGENE WAGGENER, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.  08-3166 | |
| | ) | | |
| MACOUPIN COUNTY, ILLINOIS, | ) | | |
| a Unit of Local Government, et al., | ) | | |
| | ) | | |
| Defendants. | ) | | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant Lisa Richardson's Motion to Dismiss Count XI of Plaintiff's Complaint (d/e 35). For the reasons stated below, the Motion is allowed.

According to the Complaint (d/e 1), Richardson was an employee of the Macoupin County Jail when Plaintiff Jason Eugene Waggener was incarcerated there in 2007. Waggener alleges that he suffered seizures and related injuries during his incarceration, and the Macoupin County Jail staff, including Richardson, exhibited deliberate indifference toward his medical condition. Waggener brought an 11-count Complaint alleging violations of

1

his Eighth and Fourteenth Amendment rights and a violation of Illinois state law arising from willful and wanton disregard for his health and safety. The Court finds that it has jurisdiction of these claims under 28 U.S.C. §§ 1331 and 1367.

Count XI is a claim for punitive damages against all Defendants. This Count realleges all of the Complaint's prior allegations and adds only that "[t]he deliberate indifference and disregard shown for the safety and welfare of Plaintiff while he was under arrest and in Defendants' custody and control was willful, malicious and reckless." Complaint, at 34. Counts I-VII specifically request punitive damages, and Counts VII-X request "[a]ny other relief this Honorable Court deems just and proper." Id. at 24, 26, 31, 34.

Richardson has moved to dismiss Count XI as duplicative. She cites no authority supporting dismissal, but the Court interprets her Motion as a motion to strike under Federal Rule of Civil Procedure 12(f). Under Rule 12(f) the Court may strike "any redundant, immaterial, impertinent, or scandalous matter." Richardson essentially argues that Count XI raises no new substantive claims and Counts I-X either plead for punitive damages explicitly or request any appropriate relief, making Count XI redundant.

2

With regard to Richardson specifically, only Counts VI, VII, VIII, and XI allege claims against her, and Counts VI and VII explicitly plead for punitive damages while Count VIII pleads for any other relief the Court deems appropriate.

Richardson is correct that a plaintiff need not plead for punitive damages as a separate count. Indeed, Rule 8(a)(3) states that any claim "may include relief in the alternative or different types of relief." Moreover, while motions to strike generally are disfavored, courts have discretion to strike portions of pleadings that serve only to clutter the case, confusing and complicating the issues. Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989); Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664-65 (7th Cir. 1992). Here, the Court finds that Count XI's claim against Richardson is merely redundant of the other claims against her and serves only to clutter the Complaint. Thus, the Court strikes Count XI against Richardson.

THEREFORE, Defendant Lisa Richardson's Motion to Dismiss Count XI of Plaintiff's Complaint (d/e 35) is ALLOWED, and the Court strikes Count XI's claim against Richardson.

IT IS THEREFORE SO ORDERED.

ENTER:   May 7, 2009

    FOR THE COURT:

                                                s/ Jeanne E. Scott
                                                JEANNE E. SCOTT
                                    UNITED STATES DISTRICT JUDGE