IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JASON EUGENE WAGGENER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08-3166 |
| | ) | |
| STEPHEN A. CULLINAN, M.D., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Defendant Lisa Richardson's Motion to Dismiss (Motion) (d/e 60) and Memorandum of Law in Support of Motion to Dismiss (d/e 61).  Plaintiff Jason E. Waggener filed Plaintiff's Response to Defendant Lisa Richardson's Motion to Dismiss Counts V and VI (d/e 66) and Plaintiff's Supplemental Response to Defendant Richardson's Motion to Dismiss Counts V and VI (Supplemental Response) (d/e 72).

This matter is fully briefed and ripe for adjudication.  For the reasons stated below, Richardson's Motion is granted in part, and denied in part.

1

FACTS

According to Plaintiff's First Amended Complaint (Amended Complaint) (d/e 57), Plaintiff Jason E. Waggener was seriously injured while incarcerated in the Macoupin County Jail (Jail) during July and August of 2007. Defendant Lisa Richardson (Richardson), a registered nurse, is an employee of Defendant Health Professionals, Ltd. (HPL). Richardson provides nursing services to Jail inmates under her employment contract with HPL, and pursuant to a contract HPL has with Defendant Macoupin County. Plaintiff alleges that she acted under color of state law when she failed to treat him during his incarceration.

Plaintiff was arrested and brought to the Jail on July 30, 2007. The Amended Complaint does not state whether Plaintiff was arrested pursuant to a warrant. He alleges that he informed Jail personnel at the time that he was booked that he frequently had seizures and that he was not taking medication to control the condition. On July 31, 2007, Richardson saw Plaintiff having a seizure and bleeding from his head. Plaintiff was transported via ambulance to the Carlinville Area Hospital in Carlinville, Illinois. In addition to treating lacerations on Plaintiff's head, doctors diagnosed him with a broken right ankle and put a splint on it. Plaintiff was

transported back to the Jail.

Between July 31, 2007, and August 2, 2007, Plaintiff remained at the Jail, and continued to walk around his cell, despite his broken ankle. Plaintiff also removed the bandages and splint from his ankle. Richardson visited Plaintiff, and noticed that he was having tremors and hallucinating. She replaced the splint, but Plaintiff again removed it. At that point, Richardson took the splint away from Plaintiff and stored it outside of his cell. Richardson did not inform Defendant Stephen Cullinan, a medical doctor and her supervisor, of Plaintiff's condition.

On August 3, 2007, the Jail superintendent found Plaintiff in his cell, lying in a pool of blood. The fracture on his right ankle had opened. Plaintiff was taken again to the Carlinville Area Hospital, where doctors diagnosed him with acute psychoses, possible gangrene in his right leg, and dislocated fractures in his right leg and foot. Plaintiff was transferred to Pekin Hospital in Pekin, Illinois, where he underwent surgical treatment for his leg injuries. This treatment was unavailing, and doctors later amputated Plaintiff's right leg below the knee.

Plaintiff filed this lawsuit against the various Defendants on July 29, 2008, and filed his Amended Complaint on July 1, 2009. See Complaint

(d/e 1); Plaintiff's First Amended Complaint (d/e 57). The eleven-count Amended Complaint alleges violations of Plaintiff's federal constitutional rights and of Illinois state law. Counts IV, V, and VI are directed at, among others, Defendant Richardson. Count IV is a claim under 42 U.S.C. § 1983 for Eighth and Fourteenth Amendment violations. Plaintiff brings Count V under 42 U.S.C. § 1983 as well, alleging that Richardson engaged in "cruel and unusual punishment" against Plaintiff. Count VI is a state law tort claim purportedly brought pursuant to 745 ILCS 10/4-105.

## LEGAL STANDARDS

For purposes of a motion to dismiss, a federal court accepts as true all well-pleaded factual allegations in the plaintiff's complaint. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996); Village of DePue v. Viacom Int'l, Inc., 632 F.Supp.2d 854, 861 (C.D. Ill. 2009). The court must also draw all inferences in favor of the plaintiff. Fredrick v. Simmons Airlines, Inc., 144 F.3d 500, 502 (7th Cir. 1998); Village of DePue, 632 F.Supp.2d at 861. The Federal Rules of Civil Procedure require only that a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

Federal Rule 12(b)(6) provides that dismissal is proper where a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). Although the plaintiff need not plead detailed, specific factual allegations, he must provide sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the court is able "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). The U.S. Court of Appeals for the Seventh Circuit has held that a claim is plausible on its face if the defendant has fair notice of what the claim is and the grounds upon which it rests. George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007). When a court considers the complaint's allegations, it "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009).

## ANALYSIS

Richardson argues that the Court should dismiss Counts IV, V, and VI of the Amended Complaint pursuant to Rule 12(b)(6) because they fail to state claims entitling Plaintiff to relief. The Court will address each

argument in turn.

I.    COUNTS IV AND V: EIGHTH AMENDMENT CLAIMS

Richardson argues that the Court should dismiss Count V of the Amended Complaint because it is duplicative of Count IV. The Court interprets Richardson's request as a motion to strike under Federal Rule of Civil Procedure 12(f), which gives the Court power to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Plaintiff has captioned Count V of the Amended Complaint "CRUEL AND UNUSUAL PUNISHMENT." Amended Complaint, p. 20. On the other hand, Plaintiff brings Count IV under the Eighth and Fourteenth Amendments to the U.S. Constitution. Richardson argues that Count V is duplicative of Count IV because a claim for "cruel and unusual punishment" constitutes a claim under the Eighth Amendment, which is already covered by Count IV. Plaintiff concedes that Count V is duplicative of Count IV.[1]

The Eighth Amendment to the U.S. Constitution forbids the federal

---

[1] Plaintiff states that "Counts V and VI are duplicative as conceded in Plaintiff's original reply." Supplemental Response, 2. The Court treats this as an admission that Counts IV and V are duplicative, as Count VI is a state-law tort claim for willful and wanton negligence.

government from, among other things, inflicting "cruel and unusual punishments" on those who have been convicted of crimes. U.S. CONST. amend. VIII. This protection has been incorporated against the states through the Fourteenth Amendment to the U.S. Constitution. Gillis v. Litscher, 468 F.3d 488, 491 (7th Cir. 2006). "Deliberate indifference" to a convicted prisoner's serious medical needs by prison personnel constitutes an Eighth Amendment violation. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Chaney v. City of Chicago, 901 F.Supp. 266, 269 (N.D. Ill. 1995).

The parties in this case agree that Count V's claim for "cruel and unusual punishment" is an Eighth Amendment claim. Such a claim is contained in Count IV, which alleges violations of Plaintiff's Eighth and Fourteenth Amendment rights. Count V is redundant, and therefore the Court strikes Count V.

II.     COUNT V: EIGHTH & FOURTEENTH AMENDMENT CLAIMS

Next, Richardson argues that Plaintiff has failed to state a claim for deliberate indifference to medical needs under the Due Process Clause of the Fourteenth Amendment because Plaintiff did not allege that there had been a judicial determination of probable cause at the time he was arrested. If there was not a judicial determination of probable cause prior to Plaintiff's

7

arrest, Richardson argues, any constitutional violation he may have suffered would arise under the Fourth Amendment's "objectively unreasonable" standard, which Plaintiff has not pleaded. Plaintiff counters that there had been a judicial determination of probable cause at the time of his arrest because he was arrested on a warrant, and that the Fourteenth Amendment is thus the appropriate basis for his claim.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he was deprived of a federal constitutional right by an individual or individuals acting under color of state law. Jones v. Wilhelm, 425 F.3d 455, 465 (7th Cir. 2005). In certain situations, a pretrial detainee is protected from deliberate indifference to his serious medical needs by either the Fifth or Fourteenth Amendment's Due Process Clause. See Bell v. Wolfish, 441 U.S. 520, 535-36 (1979); Williams v. Rodriguez, 509 F.3d 392, 401 (7th Cir. 2007); Salazar v. City of Chicago, 940 F.2d 233, 239-40 (7th Cir. 1991); Chaney, 901 F.Supp. at 269. The claim is treated as one under the Fourteenth Amendment if the pretrial detainee is in state custody and has had a judicial determination of probable cause at the time of the

events alleged.² Villanova v. Abrams, 972 F.2d 792, 797 (7th Cir. 1992); see Lopez v. City of Chicago, 464 F.3d 711,718 (7th Cir. 2006) (quoting Villanova); Cavalieri v. Shepard, 321 F.3d 616, 620 (7th Cir. 2003) (applying the Eighth Amendment's "deliberate indifference standard" to Fourteenth Amendment due process claims by pretrial detainee).

However, the Fourth Amendment applies to the "period of confinement between arrest without a warrant and the preliminary hearing at which a determination of probable cause is made . . . ." Villanova, 972 F.2d at 797. It follows that "[c]laims regarding conditions of confinement for pretrial detainees . . . who have not yet had a judicial determination of probable cause (a *Gerstein* hearing)" arise under the Fourth Amendment's "objectively unreasonable" standard. Rodriguez, 509 F.3d at 403; see Paine v. Johnson, 2008 WL 4890269, at *7 (N.D. Ill. Nov. 7, 2008).

Here, Plaintiff admits that he did not allege in the Amended Complaint that authorities arrested him on a warrant on July 30, 2007, although he argues in his Response that this was the case. This omission

---

²Such hearings are often referred to as "Gerstein hearings," after the U.S. Supreme Court case holding that "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." Gerstein v. Pugh, 420 U.S. 103, 114 (1975). In most circumstances, the hearing must be held within forty-eight hours of a warrantless arrest. County of Riverside v. McLaughlin, 500 U.S. 44, 56-57 (1991).

from the Amended Complaint is critical; whether Plaintiff had received a judicial determination of probable cause at the time of his arrest determines whether the Fourteenth Amendment or the Fourth Amendment provides the foundation for his claim.  Absent this information, Defendant Richardson cannot be on notice as to the basis of the claim against her. Plaintiff has not pleaded sufficient facts to entitle him to relief under the Due Process Clause of the Fourteenth Amendment, and his claim must be dismissed.

Additionally, as discussed above, Plaintiff's Eighth Amendment claim against Richardson must fail because he had not been convicted of a crime at the time of the events alleged in the Amended Complaint.  No set of facts consistent with those alleged in the Amended Complaint would entitle Plaintiff to relief under the Eighth Amendment, and therefore he has failed to state a claim.

Accordingly, the Court dismisses Count IV of the Amended Complaint against Richardson.  Should Plaintiff desire to file a second amended complaint clarifying whether his arrest was pursuant to a warrant and whether the Fourteenth or Fourth Amendment applies to his alleged constitutional violations, the Court grants him leave to do so.

II.     COUNT VI: CLAIM UNDER 745 ILCS 10/4-105

Richardson contends that the Court should dismiss Count VI against her because it is brought under the Illinois Local Governmental and Governmental Employees Tort Immunity Act (Act), 745 ILCS 10/4-105, which grants immunity in certain circumstances to public employees, and she is not an "employee" under the Act.  Plaintiff counters that Richardson acted under color of state law at all relevant times alleged in the Amended Complaint.

> The Act provides in relevant part:
>
> Neither a local public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but this section shall not apply where the employee, acting within the scope of his employment, knows from his observation of conditions that the prisoner is in need of immediate medical care and, through willful and wanton conduct, fails to take reasonable action to summon medical care.  Nothing in this Section requires the periodic inspection of prisoners.

745 ILCS 10/4-105.  The Act specifically excludes from its definition of "employee" an individual working as an independent contractor. 745 ILCS 10/1-202.  However, the Act does not furnish a plaintiff with a private cause of action; instead, it "grants only immunities and defenses" to "protect local public entities and public employees from liability arising from the

operation of government." 745 ILCS 10/1-101.1(a); see Thomas ex rel. Smith v. Cook County Sheriff, 401 F.Supp.2d 867, 875 (N.D. Ill. 2005).

It seems that both parties have missed the mark. The Act does not provide Plaintiff with a cause of action, regardless of the caption he places on Count VI. Nor does it matter whether the Defendants acted under color of state law, nor whether Richardson was an "independent contractor" under the Act, precluding it from applying to her. The caption of Count VI, absent the erroneous statutory citation, is "WILLFUL & WANTON FAILURE TO PROVIDE MEDICAL CARE TO PRISONER." Amended Complaint, p. 22. Thus, the relevant inquiry is whether Plaintiff has pleaded sufficient facts to state a claim for willful and wanton negligence under Illinois law.

To state a claim for willful and wanton negligence under Illinois law, a plaintiff must allege that "when the defendant acted, or failed to act, [s]he had knowledge, or should have had the knowledge under the circumstances, that h[er] conduct posed a high probability of serious physical harm to others." Pomrehn v. Crete-Monee High School Dist., 427 N.E.2d 1387, 1390 (Ill.App. 3rd Dist. 1981); see Ziarko v. Soo Line R. Co., 641 N.E.2d 402, 406 (Ill. 1994). As in an ordinary negligence action, the plaintiff must

allege that the defendant breached a duty owed to the plaintiff, and that the defendant's breach proximately caused the plaintiff's injuries. Abrams v. City of Chicago, 811 N.E.2d 670, 674 (Ill. 2004); Krywin v. Chicago Transit Authority, 909 N.E.2d 887, 890 (Ill.App. 1st Dist. 2009); Wade v. City of Chicago, 847 N.E.2d 631, 638 (Ill.App. 1st Dist. 2006).

In this case, it does not matter that Plaintiff cited the Act in Count VI's caption. Federal courts "give effect to the substance of a document and not to its caption." Gleash v. Yuswak, 308 F.3d 758, 761 (7th Cir. 2002). The substance of Count VI is a claim for willful and wanton negligence under Illinois law. Plaintiff alleges that Richardson, among others, breached her duty to provide Plaintiff with nursing services by willfully and wantonly disregarding and failing to respond to his medical conditions. He states that her failure to act proximately caused his injuries. Count VI puts forward a "claim to relief that is plausible on its face," and the Court will not dismiss it. See Twombly, 550 U.S. at 570.

THEREFORE, Defendant Lisa Richardson's Motion to Dismiss (d/e 60) is GRANTED as to Counts IV and V of the Amended Complaint, and DENIED as to Count VI. The Court dismisses Counts IV and V of the Amended Complaint against Defendant Lisa Richardson. Plaintiff is given

until January 7, 2010, to file a second amended complaint.

IT IS THEREFORE SO ORDERED.

ENTER:   December 3, 2009

    FOR THE COURT:

                                        s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE